**Linda J. Larkin**, OSB# 792954
E-mail: larkinl@bennetthartman.com
**BENNETT, HARTMAN, MORRIS & KAPLAN, LLP**
210 SW Morrison Street, Suite 500
Portland, OR   97204-3149
Telephone:  503-227-4600
Facsimile:  503-248-6800
**Attorney for All Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| OREGON SHEET METAL WORKERS MASTER RETIREMENT TRUST and INDIVIDUAL ACCOUNT PLAN, OREGON SHEET METAL WORKERS #16 HEALTH TRUST, the SHEET METAL TRAINING FUND, and the COLUMBIA CHAPTER of the SHEET METAL AIR CONDITIONING CONTRACTORS' NATIONAL ASSOCIATION INDUSTRY FUND,<br><br>    Plaintiffs,<br><br>vs.<br><br>FOOD SERVICE INSTALLATION, INC.,<br><br>    Defendants. | Civil No. _____<br><br>COMPLAINT<br><br>(ERISA Action for Delinquent Contributions, Pendent Claims for Breach of Agreement) |

Plaintiffs allege as follows:

PARTIES

1.   At all times mentioned each Plaintiffs are employee benefit plans within the meaning of 29 USC § 1002, *et. seq.* of ERISA.

2. Plaintiff Oregon Sheet Metal Workers Master Retirement Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186 providing retirement benefits.

3. Oregon Sheet Metal Workers #16 Heath Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186 providing health and care benefits.

4. The Sheet Metal Training Fund is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186 providing training benefits.

5. At all material times hereto, the Columbia Chapter, Sheet Metal and Air Conditioning Contractors National Association, Inc. ("SMACNA") is an Oregon corporation serving as a trade association to promote quality and high standards in the sheet metal industry.

6. At all times mentioned below Defendant is a Washington corporation authorized to do business within the State of Oregon.

7. Hereafter, the Oregon Sheet Metal Workers Master Retirement Trust and Individual Account Plan, the Oregon Sheet Metal Workers #16 Health Trust, and the Sheet Metal Training Trust and SMACNA will be collectively referred to as the Trust Funds ("Trust Funds").

///

///

///

COMPLAINT                                                                                                          PAGE 2 of 6

## JURISDICTION AND VENUE

8.  This court has jurisdiction over the First Claim for Relief brought pursuant to Sections 502 and 515 of ERISA, 29 USC §§ 1132 and 1145, and pursuant to 29 USC §185.

9.  Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 USA § 1132.

10. Plaintiffs maintain their principal office, within the meaning of 29 USC § 1132(k), in the District of Oregon.

11. The Trust Funds' Trust Agreements provide that plaintiffs may initiate legal proceedings in the venue of Multnomah County, Oregon.

## FIRST CLAIM FOR RELEIF

### INTERLOCUTORY RELIEF OF AUDIT OF RECORDS

12. Defendant and the International Association of Sheet Metal, Air, Rail and Transportation Local Union #16 ("Local 16") are parties to written collective bargaining agreements ("CBAs"). The CBAs bind the Defendant to the terms and provisions of the Trust Funds' Trust Agreements, as amended.

13. Under the terms of those agreements Defendant agrees to pay to the Trust Funds a certain sum per hour worked each month on behalf of each employee covered by the CBA.

   a)  The Declaration of Trust, as amended, for the Sheet Metal Workers #16 Health Trust, for the Oregon Sheet Metal Workers Master Retirement Trust, and for the Sheet Metal Training Trust, each of which was accepted by Defendant specifies, in part, under Trust Article XIII of the Trust Agreement for each Trust, as follows:

   > 13.01 Information from Employers. Each Employer shall promptly furnish to the Trustees on demand any and all records of its employees concerning the classification of such employees, their names, social security numbers, amount of wage paid and hours worked and another payroll records and information that the Trustees may require in

connection with the administration of the Fund and for no other purpose. Each Employer shall also submit in writing to the Trustees at such regular periodic intervals and in such form as the Trustees may establish such of the above data as may be requested by the Trustees. The Trustees or their authorized representatives may examine the payroll books and records of each Employer whenever such examination is deemed necessary or advisable by the trustees in connection with the proper administration of the Fund.

b) The CBA into which Defendant entered with Local 16, in part, under Article II, Section 2.01, thereof provides as follows:

> The collection of all contributions, funds, reporting procedures and auditing shall be in accordance with the terms of the Agreement, the terms of the applicable Trust Agreements and any lawful rules or regulations of the Trustees of such Trusts.

14. The Trust Funds have deemed it both necessary and advisable to the proper administration of the Trust Funds that their authorized representatives examine Defendant's records for the period of July 1, 2012 through and including June 30, 2017 to determine if Defendant has fully reported for and paid the Trust Funds all amounts due them by reason of Defendant's employment of members of the bargaining unit represented by Local 16.

15. Demands have been made upon Defendant to allow the Trust Fund's auditor access to its records, Defendant has failed to fully comply with the requests of the authorized representatives of the Trustees of the Trust Funds to obtain access to all of its payroll records and any and all other pertinent records necessary for said representatives to examine the period from July 1, 2012 through and including June 30, 2017 to determine if Defendant has fully reported for and paid all amounts due the Trust Funds for said period for Defendant's employment of members of the bargaining unit represented by Local 16.

16.     The Trust Agreement provides that if an audit is made on the basis of reasonable cause to suspect underpayment and the audit finds underpayment the employer shall pay to the Trust funds the actual costs of such audit.

17.     Pursuant to the provisions of 29 U.S.C. § 1132 and pursuant to the terms of the CBA and the Trust Agreements, as amended, in the event Defendant has failed to make payments by the due date Defendant is obligated to pay liquidated damages to Plaintiff which, each month calculated as set forth under the provisions of the Trust Agreement.

18.     The CBA further provide that, in the event the audit reveals that the Defendant has underpaid fund contributions in any period audited, in addition to the payment of the delinquency, or any other responsibility, the Defendant shall be required to pay the entire cost of the audit.

19.     The CBA goes on to provide that in the event Defendant fails to make any of the contributions or payments as required, the Defendant shall become liable for and be required to pay:

    a)     the unpaid contributions; and

    b)     Liquidated damages as provided for by ERISA, 29 USC §1132;

    c)     Interest at eighteen per cent per annum from the delinquency date until paid;

    d)     Reasonable attorney fees and other expenses incurred in the collection of the underpayment.  Plaintiffs are entitled to their reasonable attorney's fees incurred herein pursuant to the provisions of 29 U.S.C. § 1132 and pursuant to the terms of the Trust Agreement, as amended.

20. Plaintiffs are entitled to an Interlocutory Order of the Court requiring Defendant to produce all books and records of Food Service Installation, Inc. which are necessary for Plaintiff's auditor to complete a full and accurate audit.

WHEREFORE, Plaintiffs pray for the Court for relief as follows:

21. For issuance of an Order compelling the Defendant to allow authorized representatives of the Trustees of the Trust Funds full and complete access to any and all of its payroll records; to examine other pertinent records said representatives deem necessary to examine for the period of July 1, 2012 through and including June 30, 2017; and to afford the Trust Funds' auditors sufficient time and opportunity to examine same, all within a specified period of time.

22. After the payroll examination has been completed, Plaintiffs request the opportunity to seek entry of Judgment against Defendant for any delinquent contributions due, audit costs, liquidated damages, interest, attorney fees and Plaintiffs' costs and disbursements incurred herein.

23. Under all claims for relief above, for plaintiffs' reasonable attorney fees and costs and disbursements incurred herein.

24. For such other and further relief as may seem just and equitable to the Court.

DATED this 14th day of February, 2018.

BENNETT, HARTMAN, MORRIS & KAPLAN, LLP

/s/ Linda J. Larkin
Linda J. Larkin, OSB No. 792954
Telephone: 503-227-4600
E-Mail: larkinl@bennetthartman.com
Attorney for All Plaintiffs